UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SUSAN MORGAN<br>4095 Karry Drive<br>Rootstown, Ohio 44272<br><br>on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>UMH PROPERTIES, INC.<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>      Defendant. | CASE NO.<br><br>JUDGE<br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Susan Morgan, and for her Complaint against UMH Properties, Inc., ("UMH"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practice and policy of failing to include commissions and/or bonuses earned by Plaintiff and other similarly-situated hourly, non-exempt employees in their regular rate of pay, for purposes of calculating their overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.SC. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. 1331 and 29 U.S.C. 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. 203(e) and R.C. 4111.03(D)(3).

7. At all times relevant herein, Defendant was a foreign corporation organized and existing under the laws of the State of Maryland, and licensed to conduct business in the State of Ohio.

8. At all times relevant herein, maintained offices in Olmsted Township, Ohio, Olmsted Falls, Ohio, and Aurora, Ohio.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. 203(d) and R.C. 4111.03(D)(2).

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 206-207.

13. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. 216(b).

## FACTUAL ALLEGATIONS

14. Defendant is a real estate investment trust that owns and operates manufactured home communities in eight states throughout the northeast, including New Jersey, New York, Ohio, Pennsylvania, Tennessee, Indiana, Maryland and Michigan.

15. Plaintiff Susan Morgan was employed by Defendant between May 2016 and April 2018.

16. Plaintiff was employed by Defendant as an hourly, non-exempt employee (specifically, an office coordinator).

17. Other similarly-situated employees were employed by Defendant as hourly, non-exempt employees, including but not limited to office coordinators, property managers, and leasing agents.

18. Plaintiff and other similarly-situated hourly, non-exempt employees showed homes to renters and buyers. When a renter or buyer went through with a purchase or lease, Plaintiff and other similarly-situated hourly, non-exempt employees earned a commission.

19. Plaintiff and other similarly-situated hourly, non-exempt employees were also paid bonuses at the end of the year.

20. Defendant, however, failed to include the commissions and bonuses paid to Plaintiff and other similarly-situated hourly, non-exempt employees in their regular rate of pay for purposes of calculating their overtime compensation.

21. As a result of Defendant's failure to include commissions and bonuses in the calculation of overtime compensation, Plaintiff and other similarly-situated hourly, non-exempt employees were denied significant amounts of overtime compensation.

**(Defendant Willfully Violated the FLSA)**

22. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

24. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All current and former hourly, non-exempt employees of UMH Properties, Inc. at any time between April 25, 2015 and the present.

25. Plaintiff is unable to state at this time the exact size of the potential class, by upon information and belief, avers that is consists of at least 250 persons.

26. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

27. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All current and former hourly, non-exempt employees of UMH Properties, Inc. at any time between April 25, 2015 and the present.

29. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 50 persons.

30. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its hourly, non-exempt employees for hours worked in excess of 40 each workweek;
>
> (b) whether Defendant failed to include bonuses when determining the employees' regular rate of pay;
>
> (c) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

31. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by

Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

32. Named Plaintiff Susan Morgan will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

33. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Defendant's practice and policy of not paying Plaintiff and other similarly-situated hourly, non-exempt employees overtime compensation at the rate of one and one-half

6

times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

37. Defendant's practice and policy of failing to include commissions and bonuses earned by Plaintiff and other similarly-situated office hourly, non-exempt employees in the calculation of their overtime compensation violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. 778.117, 29 C.F.R. 778.208-.209.

38. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

39. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(Violations of Ohio Revised Code 4111.03)**

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Defendant's practice and policy of not paying Plaintiff and other similarly-situated hourly, non-exempt employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. 4111.03.

42. Defendant's practice and policy of failing to include commissions and bonuses earned by Plaintiff and other similarly-situated hourly, non-exempt employees in the calculation of their overtime compensation violated the OMFWSA, R.C. 4111.03

43. By failing to pay Plaintiff and other similarly-situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

44. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

        Respectfully submitted,

        /s/ Lori M. Griffin
        Lori M. Griffin (0085241)
        Chastity L. Christy (0076977)
        Anthony J. Lazzaro (0077962)
        The Lazzaro Law Firm, LLC
        920 Rockefeller Building
        614 W. Superior Avenue
        Cleveland, Ohio 44113
        Phone: 216-696-5000
        Facsimile: 216-696-7005
        chastity@lazzarolawfirm.com
        anthony@lazzarolawfirm.com
        lori@lazzarolawfirm.com
        Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

        /s/ Lori M. Griffin
        One of the Attorneys for Plaintiff