IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN MORGAN, *et al.*, | ) | CASE NO. 1:18 CV 948 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| UMH PROPERTIES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, Stay Proceedings Pending Arbitration. (ECF #5). Plaintiffs filed an Opposition to the Motion, and Defendant filed a Reply in support. (ECF #11, 14). After a thorough review of all of the briefs, supporting documents, and relevant law, the Court finds as follows.

# FACTS[1]

Plaintiff, Susan Morgan was employed by UMH Properties ("UMH") from May 2016 through April 2018. In connection with her hiring, she was required to execute an arbitration agreement, which she signed on May 23, 2016. The Agreement states, in relevant part, as follows:

> In consideration of the undersigned's (the "Employee") employment with UMH Properties, Inc., (the "Company"), the parties agree that any and all disputes, claims or controversies arising from or relating to the employee's employment or termination of employment with the Company, including the validity of this arbitration agreement and all other clauses contained in the Employee Manual. . . shall be resolved by binding arbitration. Arbitration in accordance with the terms of this agreement is the required and exclusive forum for the resolution of all disputes relating to employment including . . . compensation. . . . Such disputes include. . .claims, demands or action under . . . the Fair Labor Standards Act.
>
> Prior to arbitration, the Company's Legal Department and the Employee (or the Employee's attorney) will, either verbally or in writing, discuss resolution of the matter. . . . If the matter is not resolved through such discussions, an arbitration demand shall be served by either party upon the other party.
>
> . . . [A]n arbitrator shall be selected by the Company with the Employee's consent, which consent shall not be unreasonably withheld. Costs attributable to the arbitrator shall be paid for by the Company, in accordance with the Employment Arbitration Rules and mediation Procedures of the American Arbitration Association ("AAA")(www.adr.org). If an arbitrator is not agreed upon . . . either party may petition the AAA to request a list of arbitrators and the parties shall select one of the arbitrators on the list . . . .
>
> The remedies available to the employee and the Company during the arbitration proceeding shall be the same as the remedies available under the statute(s) upon which any claim(s) is based, and that could be awarded by any court or administrative agency. The arbitrator's determination shall be final and binding

---

[1] The undisputed facts are taken from the parties briefs and from the Complaint. To the extent any of the relevant facts are in dispute, they have been viewed in the light most favorable to the non-moving party in accordance with applicable standards for a motion to dismiss.

on the parties.

The Employee is required to pay any administrative filing fee and related costs associated with his or her submission of a disputed issue to arbitration. The cost of the arbitrator shall be borne by the Company. Each party shall bear its own attorneys' fees and costs, unless otherwise provided by statute upon which the claim is based.

. . . Any arbitration hearing will take place at 3499 Route 9N, Suite 3C, Freehold, New Jersey, unless otherwise agreed in writing by all parties. The arbitrator shall have all powers provided by law, this clause and the agreement of the parties. These powers shall include all legal and equitable remedies including, but not limited to money damages, declaratory and injunctive relief.

THE UNDERSIGNED EMPLOYEE VOLUNTARILY AND KNOWINGLY, AND FREE FROM DURESS OR COERCION, WAIVES ANY RIGHT THAT THE EMPLOYEE MAY HAVE TO LITIGATE IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM. FURTHER, THE EMPLOYEE WILL NOT HAVE THE RIGHT TO PARTICIPATE IN A REPRESENTATIVE CAPACITY OR AS A MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO THIS ARBITRATION. THE ARBITRATOR'S DECISION WILL BE FINAL AN D BINDING. NOTE THAT OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY NOT BE AVAILABLE IN ARBITRATION. THERE SHALL BE NO RIGHT OR AUTHORITY FOR ANY CLAIMS TO BE ARBITRATED ON A CLASS ACTION BASIS.

Should any one or more of the provisions contained in this arbitration agreement be found to be invalid, illegal or unenforceable, the enforceability of the remaining provisions contained herein shall not in any way be affected or impaired thereby.

On April 25, 2018, Plaintiff filed this collective action against UMH alleging that it maintained a practice and policy of failing to include commissions and/or bonuses earned by Plaintiff and other similarly-situated hourly, non-exempt employees in their regular rate of pay, for purposes of calculating their overtime compensation. She claims that this practice violates the Fair Labor Standards Act, 29 U.S.C. §201-219, and Ohio's Minimum Fair Wage Standards Act, O.R.C. §4111.03.

## ANALYSIS

The Federal Arbitration Act ("FAA"), and the courts applying it, recognize that a written arbitration agreement is a contract, and, as such, is subject to the laws which govern the enforcement of contracts generally. *See, e.g., Greentree Financial Corp. v. Randolph,* 531 U.S. 79, 90 (2000); *Doctor's Associates, Inc. V. Casarotto,* 517 U.S. 681, 685 (1996)(citing *Perry v. Thomas,* 482 U.S.483, 493, n.9 (1987)); 9 U.S.C. §2. Federal law favors the enforcement of valid arbitration agreements, but does not elevate them over other contracts. *Id.* The Ohio Arbitration Act is consistent with the FAA. It also recognizes arbitration agreements as enforceable under general contract law, while recognizing a strong presumption in favor of arbitrability. *See, e.g., Academy of Med. Of Cinci, v. Aetna Health Inc.,* 180 Ohio St.3d 183, 842 N.E. 2d 488; *ABM Farms, Inc. V. Woods,* 81 Ohio St.3d 498, 500 (1998); *Didado v. Lamson & Sessions Co.,* 81 Ohio App.3d 302, 304, 610 N.E.2d 1085 (9th Dist. 1992).

The FAA requires courts to enforce arbitration contracts. "To enforce this dictate, [the FAA] provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003)(citing 9 U.S.C. §§ 3,4). The litigation may be dismissed rather than stayed for arbitration if all claims are subject to arbitration. *Ozormoor v. T-Mobile USA, Inc.,* 354 Fed.Appx. 972, 975 (6th Cir. 2009).

The Sixth Circuit directs district courts to apply a four part test to determine whether to grant motions to dismiss or stay, and to compel arbitration.

    (1)    The Court must determine whether the parties agreed to arbitrate

    (2)    The Court must determine the scope of that agreement;

(3) If federal statutory claims are asserted, the Court must consider whether Congress intended those claims to be non-arbitrable; and

(4) If the Court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000); *see also, Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003).

Although any challenge to the validity of an arbitration agreement is to be resolved by the court, using the above four factors, the parties agree that these threshold determinations may be delegated to the arbitrator in the arbitration agreement. *See Bruster v. Uber Techs, Inc.*, 188 F.Supp.3d 658, 662 (N.D. Ohio 2016).² When determining the validity of a delegation clause, that clause does not benefit from the presumption in favor of arbitration. Rather, although delegation of the question of arbitrability is allowed, the general presumption is that arbitrability is a question to be determined by the courts. *Rent-A-Center, West Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010). In order to overcome this presumption the parties must "clearly and unmistakably provide otherwise" within their agreement. *Bruster*, 188 F.Supp.3d at 662. Further, even when the agreement clearly delegates the issue of arbitrability to the arbitrator, some courts have

---

² Plaintiff's request for a jury trial on validity of the arbitration agreement does not alter the Court's analysis or decision. The FAA's provision providing for a jury trial to determine the validity of an arbitration agreement is not absolute. It does not override a valid delegation provision assigning determination of that issue to an arbitrator. Nor does it eliminate the Court's ability to dismiss validity claims without a trial if they do not meet the standards required to defeat a motion to dismiss or motion for summary judgment. *See Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). The *Johnson* case cited by Plaintiff in support of her request for jury trial did not involve an agreement with a delegation provision and is, therefore, not directly relevant to the Court's analysis in this case.

refused to enforce this provision if it is determined to be unconscionable. *See Carey v. Uber Techs., Inc.*, No. 1:16-CV-1058, 2017 WL 1133936, at *6 (N.D. Ohio Mar. 27, 2017).

Neither party disputes that the delegation provision contained in the arbitration agreement clearly and unequivocally delegated the determination of the issue of arbitrability to the arbitrator. The agreement provides that any and all disputes, "including the validity of this arbitration agreement. . . shall be resolved by binding arbitration." (ECF #5-1). Plaintiff, however, contends that the arbitrability provision should not be enforced because it is unconscionable. She argues that the delegation provision is unconscionable because arbitrating the issue of arbitrability is subject to the same terms and conditions as is the substantive arbitration, and those conditions are unconscionable. Federal courts look to state law to determine whether an arbitration provision in a contract is unconscionable. 9 U.S.C. § 2; *Perry v. Thomas*, 482 U.S. 483, 492, n. 9 (1987). Under Ohio law, in order for a contract provision to be deemed unconscionable, it must be both procedurally and substantively unconscionable. *Bruster*, 188 F.Supp.3d at 664. The party asserting unconscionability bears the burden of proving both procedural and substantive unconscionability. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 67 (Ohio 2009).

"Procedural unconscionability considers the circumstances surrounding the contracting parties' bargaining, such as the parties' age, education, intelligence, business acumen and experience, who drafted the contract, whether alterations in the printed terms were possible, and whether there were alternative sources of supply for the [consideration] in question." *Taylor Bldg. Corp. Of Am. V. Benfield*, 117 Ohio St.3d 353, 361-62 (Ohio 2008). The ultimate question to be answered after consideration of these factors is whether both parties to the contract had "a reasonable opportunity to understand the terms of the contract. . . ." *Ohio Univ. Bd. of*

*Trustees v. Smith*, 132 Ohio App.3d 211, 724 N.E.2d 1155 (1999). Another way of viewing it is "whether the circumstances surrounding the party to the contract were such that no voluntary meeting of the minds was possible." *Scovill v. WSYX/ABC*, 425 F.3d 1012, 1017 (6th Cir. 2005), (citing *Jeffrey Mining Prods., L.P. v. Left Fork Mining Co.*, 143 Ohio App.3d 708, 758 N.E.2d 1173, 1181 (2001)).

Plaintiff claims that the delegation provision is unconscionable because the entire agreement was presented on a take it or leave it basis, and alterations to the terms were not possible. She claims that in order to obtain employment with the Defendant, she was required to sign the agreement as written. There no allegations of any other problematic procedures or circumstances affecting her signing of the agreement.[3] She cites no legal precedent that has found that an non-negotiable arbitration agreement, required as a condition of employment, without other procedural inequities, is unenforceable or unconscionable. In fact, the law holds that the use of a standardized form, offered on a take-it-or-leave-it basis, without more does not create an adhesive contract or otherwise invalidate the contract. *See Seawright v. Am. Gen. Financial Services, Inc.*, 507 F.3d 967, 976 (6th Cir. 2007).

Although it is possible for a non-negotiable arbitration agreement, required for employment, to be an unenforceable adhesion contract. Such a finding has required the Plaintiff to prove that she would be "unable to find suitable employment if [she] had refused to be a party

---

[3] In the procedural unconscionability section of her brief she also argues that the arbitration agreement allows the Defendant to select the arbitrator, and requires her to hire an attorney. These are substantive issues, however, and do not have any bearing on the alleged procedural unconscionability of the delegation provision. They also do not accurately reflect the actual terms and conditions of the arbitration agreement.

to the Agreement." *Bragg v. Rent-A-Car, Inc.*, N.D. Ohio No. 5:07CV1389, 2008 WL 183315, *3 (citing *Seawright* at 976). In this case, there is no allegation that the Plaintiff could not have found other suitable employment opportunities if she had refused to sign the Defendant's arbitration agreement, or refused to consent to the delegation provision. There is no allegation of coercion or duress.

There is no allegation that Plaintiff does not have sufficient intelligence, education and experience to read, understand, and agree to a basic contract, or to understand the implications of the delegation clause at issue in this case. Nor is there any no evidence or allegation that Plaintiff failed to read or understand the provision at issue. The arbitration provision was not hidden, and the type face of the delegation provision matched the size and appearance of the remainder of the contract language. There is no allegation that she was rushed into a decision or that she was not allowed to consult with an attorney or other person who could assist her in her understanding of the implications. In fact, the agreement specifically informed her in bold, capital letters, that "SHE HAS A RIGHT TO CONSULT WITH A PERSON OF HIS/HER CHOOSING, INCLUDING AN ATTORNEY BEFORE SIGNING THIS DOCUMENT." She also does not claim that the contract was anything other than an arm's length agreement, or that she would have refused to sign the delegation provision if she had been able to negotiate the terms of the agreement.

Although the agreement does appear to have been a "form" document, prepared by the Defendant, and even if the court were to infer an inequality of bargaining power between the parties, these factors are not sufficient to establish procedural unconscionability. *Taylor*, at 362, citing *Vanyo v. Clear Channel Worldwide*, 156 Ohio App.3d 706, 712 and *Gilmer v.*

*Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991). Because a finding of unconscionability requires both procedural and substantive unconscionability, and there is absolutely no basis upon which to find procedural unconscionability, the court need not address the claim of substantive unconscionability. For these reasons, this Court finds that the delegation provision in the arbitration agreement was not procedurally unconscionable, and that it is, therefore, enforceable. Therefore, the validity of the arbitration agreement is a question that is to be determined by the arbitrator, and not by this Court.

For the reasons set forth above, the Motion of Defendant UMH Properties, Inc. to Dismiss Or, In the Alternative, Stay Proceedings Pending Arbitration, is GRANTED. (ECF #5). The question of the arbitrability of Ms. Morgan's claims is, itself, subject to arbitration. All claims are, therefore, dismissed without prejudice. The case may be re-filed, if appropriate, following the arbitrator's determination of the arbitrability of Plaintiff's claims.

DONALD C. NUGENT
United States District Judge

DATED: August 1, 2018